IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AUDREY ANDREWS,**

      **Plaintiff,**

                                                       **Civil Action 2:14-cv-02163**
                                                       **Judge James L. Graham**
     **v.**                                        **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Audrey Andrews, who is proceeding without assistance of counsel, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the undersigned for consideration of Plaintiff's Statement of Specific Errors (ECF No. 11), the Commissioner's Memorandum in Opposition to Plaintiff's Statement of Errors (ECF No. 15), and the administrative record (ECF No. 9). For the reasons that follow, it is recommended that the Court **OVERRULE** Plaintiff's statement of errors and **AFFIRM** the Commissioner's decision.

### I. BACKGROUND

Plaintiff filed her applications for disability and supplemental security income benefits on August 24, 2010, alleging that she has been disabled since April 16, 2010, at age 41. (R. at 204−214, 22.) Plaintiff's applications were denied initially and upon reconsideration. (R. at 99−102.) After a hearing on June 6, 2010, Administrative Law Judge ("ALJ") Michelle

Thompson determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 106−115.) On September 11, 2013, the Appeals Council reviewed that determination and remanded the case for further consideration. (R. at 121−24.) Upon remand, ALJ Thomas Wang conducted a hearing on January 24, 2014 at which Plaintiff appeared and testified without counsel. (R. at 34−58.) Vocational expert ("VE"), Dr. Richard Astrike, also appeared and testified. (*Id.*) On March 18, 2014, ALJ Wang determined that Plaintiff was not disabled. (R. at 12-24.) The Appeals Council denied Plaintiff's request for review and adopted ALJ Wang's determination as the Commissioner's final decision. (R. at 1−3.) Plaintiff then timely commenced this action.

Plaintiff's Statement of Errors consists of a letter signed by a caseworker and a psychiatrist who assert that the Court should consider new evidence described in the letter. (Pl.'s Statement of Errors, ECF No. 11.) None of that new evidence is attached to the letter except for an "updated" Daily Activities Questionnaire signed by Plaintiff and dated February of 2015. (*Id.*)[1] In the Memorandum in Opposition, the Commissioner asserts that substantial evidence supports ALJ Wang's determination and that remand for consideration of the new evidence described in the letter is not warranted because it is not material.

## II. THE ADMINISTRATIVE DECISION

At step one of the sequential evaluation,[2] ALJ Wang found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 16, 2010. (R. at 15.) At step

---

[1] The Questionnaire contains two signature pages with two different dates: February 4, 2015 and February 13, 2015. (Pl.'s Statement of Errors, ECF No. 11.)

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

two, ALJ Wang found that Plaintiff had the following severe physical impairments: obesity; diabetes mellitus with bilateral lower and upper extremity neuropathies; bilateral carpal tunnel syndrome; asthma; osteoarthritis of the knees and back. (*Id.*) ALJ Wang further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 17.)

At step four of the sequential evaluation, ALJ Wang set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to lift and carry 20 pounds occasionally or 10 pounds frequently. She can stand for 6 hours in an 8 hour workday and can walk for 4 hours of an 8 hour workday. She can occasionally use her feet for the operation of foot controls. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl but can never climb ladders, ropes, or scaffolds. She can frequently use her upper extremities for reaching, overhead reaching, handling, fingering, or feeling. She must avoid even moderate exposure to temperature extremes, wetness, humidity, or excessive vibrations. She must avoid all airborne irritants such as fumes, dust, odors, or gases, as well as exposure to unprotected heights.

(R. at 19.) In determining that Plaintiff could perform a range of light work, ALJ Wang found that Plaintiff's allegations about her impairments were not entirely credible. (*Id.*)

---

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue,* 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter,* 279 F.3d 348, 354 (6th Cir. 2001).

Relying on the VE's testimony, ALJ Wang concluded that Plaintiff could perform her past relevant work as a cashier, tax preparer, and order filer.  (R. at 22.)  Relying on the VE's testimony, and in light of Plaintiff's age, education, work experience, ALJ Wang also concluded that Plaintiff could successfully perform other light unskilled jobs that exist in significant numbers in the local and national economies.  (R. at 22−23.)  ALJ Wang thus concluded that Plaintiff was not disabled under the Social Security Act.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers,* 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.,* 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB,* 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.

1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers,* 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007)).

### IV. ANALYSIS

The Undersigned finds that Plaintiff's single assignment of error is without merit. Plaintiff's new evidence is not grounds for remand.

Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer,* 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." . . . Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." . . . A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. . . . [T]he burden of showing that a remand is appropriate is on the claimant.

5

*Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001)).

In this case, Plaintiff filed a letter describing a number of items, only one of which, an "updated" Daily Activities Questionnaire signed by Plaintiff and dated February of 2015, was attached to the letter. Although Plaintiff did not argue the materiality of these items, even if she had, she has failed to show that the Secretary would have reached a different conclusion on the issue of disability if presented with them. *See Ferguson*, 628 F.3d at 276.

First, as the Commissioner points out, several of the items described in the letter post-date the relevant time period. Specifically, the letter filed by Plaintiff alleges that Plaintiff spent 30 days in a crisis treatment center in November of 2014 and that Plaintiff had foot surgery on February 6, 2015. (Pl.'s Statement of Errors, ECF No. 11.) In addition, the "updated" Daily Activities Questionnaire attached to Plaintiff's letter is dated February of 2015.[3] ALJ Wang issued his determination, however, on March 18, 2014. Accordingly, these items are not material to the determination made by ALJ Wang about Plaintiff's condition during the time frame in question: April 10, 2010 until March 18, 2014. *See Casey v. Sec'y of HHS,* 987 F.2d 1230, 1233 (6th Cir. 1993) ("The rest of the material contained in the additional evidence pertains to a time outside the scope of our inquiry."); *Hanshaw v. Comm'r of Soc. Sec.,* No. 2:14-cv-1464, 2015 WL 4498707, at * 4 (S.D. Ohio July 23, 2015) (same).

The letter filed by Plaintiff also states that she "has a letter from Ralph Newman, D.O. which states that due to medical conditions she is not able to work." (Pl.'s Statement of Errors, ECF No. 11.) The record contains no indication when this alleged letter, which is not attached to Plaintiff's filing, was signed or to what time frame it refers. Accordingly, Plaintiff cannot

---

[3] That Questionnaire does not reference Plaintiff's prior physical condition but appears to reflect Plaintiff's status when the document was created in February of 2015.

demonstrate a "reasonable probability" that the Commissioner would have reached a different disability determination if presented with any of these medical documents.

Further, to the extent that Plaintiff describes these items in an attempt to demonstrate that her condition has deteriorated since the March 18, 2014 determination, she still fails to demonstrate that remand is appropriate. Evidence related to post-determination deterioration is not material because it reflects Plaintiff's status after ALJ's determination was issued instead of Plaintiff's status during the relevant time frame. *See Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F. 2d 709, 712 (6th Cir. 1988). Accordingly, courts do not remand disability claims in light of medical evidence of post-determination deterioration. *Id.* Instead, if Plaintiff alleges that her condition has seriously deteriorated since ALJ Wang's determination, she should file a new claim for benefits as of the date that her condition deteriorated to the point that it became a disabling impairment. *Id*.

The letter filed by Plaintiff does indicate that Plaintiff had surgery on her right hand in February of 2014, which is after the January 24, 2014 hearing but before ALJ Wang issued his March 18, 2014 determination. (Pl.'s Statement of Errors, ECF No. 11.) Medical records from such a surgery would fall into the relevant time frame. Plaintiff has failed, however, to provide any of the records associated with this surgery or demonstrate their materiality by explaining why the Commissioner would have reached a different disability conclusion if they had been presented. Nevertheless, even if medical records from this alleged surgery were material, a Sentence-six remand is only appropriate if a plaintiff shows good cause for failing to incorporate new evidence into the record. 42 U.S.C. § 405(g). Plaintiff has not explained why she failed acquire those records for this Court or for the Commissioner after the hearing.[4] In sum, Plaintiff

---

[4] The hearing transcript makes it clear that the record remained open after the hearing in order for ALJ Wang to receive additional medical records. (R. at 56-57.)

has failed to meet the materiality and good cause requirements for a Sentence-six remand on the basis of her alleged hand surgery.

Last, the letter filed by Plaintiff alleges that the work history considered by ALJ Wang was not accurate. Specifically, the letter states that "[t]he work history through 2012 and 2013 was not accurate. [Plaintiff] reports to having worked those years and she has a print out from her employer to show pay stubs." (Pl.'s Statement of Errors, ECF No. 11.) Presumably, Plaintiff alleges an inaccurate work history in order to cast doubt upon ALJ Wang's determination that she could perform her past work. (R. at 22.) The VE testified that a hypothetical person with the limitations contained in Plaintiff's RFC could perform Plaintiff's past work as a cashier, tax preparer, and order filer. (R. at 22.) Evidence that Plaintiff continued to work at these positions would tend to suggest that Plaintiff could perform her past work, not that she was precluded from working at those jobs. Moreover, even if the work history omitted certain positions, the VE testified that a hypothetical person with Plaintiff's age, education, and work experience could successfully perform other light unskilled jobs that exist in significant numbers in the local and national economies. (R. at 22−23.) Thus, Plaintiff cannot demonstrate that these printouts, if presented, would have made a different determination reasonably probable.

## V. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECCOMMENDED** that the Court **OVERRULE** Plaintiff's single assignment of error and AFFIRM the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendations, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.,* 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson,* 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal ....") (citation omitted)).

Date: February 22, 2016        /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE